LUCY DI BELLA, as Administratrix of the Estate of JOSEPH A. DI BELLA, Deceased, Respondent, v. FRANK M. WILSON, Appellant.— Appeal from an order setting aside a verdict for inadequacy. Order affirmed, with twenty-five dollars costs and disbursements. Hill, P. J., Bliss, Heffernan and Foster, JJ., concur; Brewster, J., dissents, in the following memorandum: I dissent, vote to reverse the order appealed from and to reinstate the verdicts. The action is to recover damages for the wrongful death of plaintiff's intestate, (1) to compensate for the pecuniary injuries sustained by his surviving parents and (2) for conscious pain and suffering, payable to the estate of the deceased. The

jury rendered verdicts of $3,000 and $200 therefor, respectively. These have been set aside by the orders appealed from solely upon the ground of their inadequacy. It is recognized that the assessments of such damages, peculiarly within the province of the jury, were made in the setting and atmosphere of a trial as to which the Trial Justice had best opportunity to judge upon anything untoward which might have mitigated against a fair appraisal. But nothing of this kind is shown or indicated in the record, unless it be the amounts of the verdicts themselves. These appear to have been canceled solely because in the judgment of the Trial Justice they were inadequate in amount. We may agree with him that they were somewhat illiberal and small but still be bound by the jury's finding unless we may conclude that no reasonable mind acting within the wide range of estimate and conjecture, permitted in such cases, and therein adhering to a standard of impartiality and fairness satisfactory to and compatible with such a mind, would ever assess the damages that low. I feel it is to be recognized that reasonable minds, so acting, might reach results as far divergent as those in question are from what we would consider they should have been.